[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: OBJECTION TO ACCEPTANCE OF REPORT OF ATR
The above entitled matter was tried before an Attorney Trial Referee (ATR) who found that the plaintiff was injured while a passenger on a bus owned by the defendant Norwalk Transit District and driven by the defendant Felix Doe. The ATR found that the plaintiff was injured as a result of the negligence of the defendants and awarded economic damages in the amount of $2,558.68 and non-economic damages in the amount of $7500.00. The plaintiff has filed an objection to the acceptance of the report asserting that the ATR misconstrued the law as it relates to whether the expert opinion expressed in a medical report was sufficient to establish existence of a permanent injury. The plaintiffs claims are based upon three paragraphs in the ATR report which state as follows:
 "14. Plaintiff received follow-up treatment from Dr. Maria Passaro and, seven months after the incident, reported pain and modest restrictions to her daily activity. Dr. Passaro rated plaintiff as having a 7% permanent disability of the cervical spine and 8% permanent disability of the lumbar spine.
 15. Dr. Passaro, however, did not say to any degree of any degree of medical probability or certainty that the pain, disability or restrictions were causally related to the incident. Indeed, Dr. Passaro was only able to say that the pain and restrictions reported seven months after the incident "appeared" to be directly and causally related to the incident.
 16. No other evidence was offered to establish any permanent injuries suffered as a result of the incident."
Dr. Passaro's report is entitled "Personal Injury Final Report" and notes that testing was not initially done because of the pregnancy of the plaintiff. The report also notes that the neck and back pain began within two hours of the incident and that her initial impression included acute traumatic cervical injury and acute traumatic lumbar injury. The report further notes the course of treatment for the plaintiff and notes that she denied any significant or lower back pain prior to the incident. The doctor's report also states "Nearly seven months after the accident she CT Page 13018 is still reporting significant pain and restrictions in activities of daily living as stated above. It appears that these residuals are directly and causlly related to the accident mentioned above."
"Expert opinions must be based upon reasonable probabilities rather than mere speculation or conjecture if they are to be admissible in establishing causation . . . To be reasonably probable, a conclusion must be more likely than not. . . .Whether an expert's testimony is expressed in terms of a reasonable probability and an event has occurred does not depend upon the semantics of the expert or his use of any particular term or phrase, but rather, is determined by looking at the entire substance of the expert's testimony. . . . The reports are the substitute for testimony, the entire report should be examined not only certain phrases or words. . . . We reject the proposition that certain formulaic words are essential when an expert renders an opinion." Struckman v. Burns,205 Conn. 542, 554-555 (1987); see also Sokolowski v. Medi Mart, Inc.,24 Conn. App. 276, 285 (1991).
The ATR is, of course, free to reject the testimony of the plaintiff and her physician. A review of the report of the ATR does not indicate that the report of the physician was weighed and rejected either in whole or in part. The report is susceptible to the interpretation that the ATR did not believe, as a matter of law, that permanent injury was established by the evidence. In view of the legal standard set forth above, the report, read in its entirety is sufficient, if believed and credited to establish the existence of future injury.
Accordingly the report is rejected and herewith returned to the ATR who prepared the report to consider the medical report of Dr. Passaro with respect to the issue of future injury and the ATR is of course, free to accept or reject the report either in whole or in part.
RUSH, J.